IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| ALVIN E. BROZEK,<br><br>  Plaintiff,<br><br>  v.<br><br>ROSANNE AMPELL WORDEN, et al.,<br><br>  Defendants. | NO. CV-09-602-JLQ<br><br>**FIRST INFORMATIONAL ORDER IN PRISONER CIVIL RIGHTS CASE** |

Plaintiff is a state prisoner proceeding pro se in this civil rights action. In litigating this action, all parties, including those proceeding pro se, must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court, Eastern District of California. **Failure to comply with the Federal Rules of Civil Procedure, the Local Rules, or a Court Order, including this Order, is grounds for appropriate sanctions, including dismissal of the action.** Fed. R. Civ. P. 41(b); LR 11-110.

This Order highlights specific rules of which Plaintiff should take particular note:

1. Documents intended to be filed with the Court by pro se litigants must be mailed to the Clerk of the Court, United States District Court, 501 I Street, Room 4-200, Sacramento, California 95814. LR 5-133(d)(1). **All documents mailed improperly to a Judge's chambers will be stricken.**

- 1 -

PDF created with pdfFactory trial version www.pdffactory.com

2. Each document submitted for filing must include the original signature of the filing litigant(s). Fed. R. Civ. P. 11(a); LR 7-131. **All documents submitted without the required signature(s) will be stricken**. Each separate document must be bound separately at the top left corner. LR 7-130(b). If a document is bound behind another document, it will not be filed or entered on the Court docket. A document requesting a Court order must be styled as a motion, not a letter. Fed. R. Civ. P. 7. Documents submitted to the Court may be either typewritten or handwritten, but must be legible, and writing shall be on one (1) side of the page only. LR 7-130 (modified). Every document submitted to the Court must include your name, address, and prisoner identification number in the upper left-hand corner of the first page. LR 7-132.

3. You are not required to send the Court copies of your documents submitted for filing. LR 5-133(d)(2) (modified). If the filing litigant wishes the Court to return a file-stamped copy, he must include one copy for that purpose AND a pre-addressed postage paid envelope. **The Court cannot provide copies or mailing service for a litigant**, even for an indigent plaintiff proceeding in forma pauperis. Copies of documents may be obtained from the Court file by contacting Attorney's Diversified Services at 1424 21st Street, Sacramento, CA 95811, 800-266-4624.

4. After Defendants have appeared by filing a response to the complaint (i.e., an answer, a motion to dismiss, or a motion for summary judgment), and are represented by the office of the California State Attorney General, Plaintiff

PDF created with pdfFactory trial version www.pdffactory.com

is not required to serve copies of filings on Defendants or counsel, as counsel will receive service via the Court's electronic filing system.  Any documents filed in a civil rights action in which Defendants are **not** represented by the California State Attorney General must include a certificate of service stating that a copy of the document was served on the opposing litigant.  Fed. R. Civ. P. 5; LR 5-135 (modified).  **A document submitted without the required proof of service will be stricken**.  Where a litigant is represented by private or other government counsel, service on the litigant's attorney of record constitutes effective service.

5.  All filings must bear the file number assigned to the action, followed by the initials of the District Judge to whom the case is assigned and the letters "PC."  Where Plaintiff simultaneously pursues more than (1) one action, he must file separate original documents and the appropriate number of copies in each action to which the document pertains.  **Documents submitted listing more than one case number in the caption will be stricken**.

6.  The Court cannot serve as a repository for the parties' evidence (i.e., prison or medical records, witness affidavits, etc.). Litigants may not file evidence with the Court until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the Court). **Evidence improperly submitted to the Court will either be returned or  stricken**.

7.  The Eastern District of California converted to an

PDF created with pdfFactory trial version www.pdffactory.com

electronic filing, service, and storage system, effective January 3, 2005.  Pro se litigants are exempt from the electronic filing requirement and must submit all documents to the Court in paper.  LR 5-133(b)(2).  Paper documents submitted by pro se litigants for filing will be scanned into the electronic Court file by the Clerk's Office.  After being scanned into the electronic Court file, the paper documents will be retained in the Clerk's Office for a limited period of time and then discarded.  LR 39-138(d). For this reason, pro se litigants are cautioned not to send original exhibits to the Court. When it is appropriate for pro se litigants to submit exhibits to the Court (see paragraph 6), the litigants shall retain their original exhibits and send photocopies to the Court.

    8.   After an answer is filed, the Court will issue an order opening discovery, and setting the deadlines for completing discovery, amending the pleadings, and filing pre-trial dispositive motions.  **No discovery may be conducted without Court permission until an answer is filed and the Court issues the discovery order**.  Discovery propounded on a litigant is self-executing, and must be served directly on the litigant from whom discovery is sought; litigants should not file copies of their discovery with the Court.   LR 33-250, 34-250, 36-250.  **Discovery documents inappropriately submitted to the Court will be stricken**.  Where the discovery response is unsatisfactory, the litigant seeking discovery may file a motion to compel discovery, including a copy of the discovery propounded and

-4-

PDF created with pdfFactory trial version www.pdffactory.com

the response thereto.  Fed. R. Civ. P. 37.  A motion to compel must be accompanied by "a certification that the movant has in good faith conferred or attempted to confer with the litigant not making the disclosure in an effort to secure the disclosure without court action."  Fed. R. Civ. P. 37(a)(1).  In addition, at least ten (10) days before the hearing, the litigants must file either: (1) a joint statement of conferment in good faith together with a list and description of unresolved issues or (2) individual statements describing efforts to confer together with a list and description of unresolved issues. Statements must not exceed ten (10) pages without first obtaining the District Judge's approval. **A discovery motion that does not comply with all applicable rules will be stricken and may result in the imposition of sanctions**.

9.  Because Plaintiff is incarcerated and proceeds pro se, all pre-trial motions will be submitted without a hearing.  LR 78-230(m).  Litigants are referred to Local Rule 78-230(m) for the briefing schedule on motions.

10.  All deadlines will be strictly enforced. Requests for time extensions must state the reason the extension is needed and must be filed with the Court **before** the deadline in question.  LR 6-144.

11.  A pro se plaintiff has an affirmative duty to keep the Court and opposing parties apprised of his address.  LR 83-182(f).  If a plaintiff moves and fails to file a notice of change of address, service of Court orders at Plaintiff's prior address shall constitute effective notice.  *Id*.  If

PDF created with pdfFactory trial version www.pdffactory.com

1  mail directed to Plaintiff is returned by the U.S. Postal
2  Service as undeliverable, the Court will not attempt to re-
3  mail it.  **If the address is not updated within sixty (60)**
4  **days of the mail being returned, the action will be**
5  **dismissed for failure to prosecute**.  LR 83-183(b).
6       12.  The Court is required to screen complaints brought
7  by prisoners seeking relief against a governmental entity
8  or officer or employee of a governmental entity.  28 U.S.C.
9  § 1915A(a).  The Court must dismiss a complaint or portion
10 thereof if the prisoner has raised claims that are legally
11 "frivolous or malicious," that fail to state a claim upon
12 which relief may be granted, or that seek monetary relief
13 from a defendant who is immune from such relief.  28 U.S.C.
14 § 1915A(b)(1),(2).  The Court will direct the United States
15 Marshal to serve Plaintiff's complaint only after the Court
16 has screened the complaint and determined that it contains
17 cognizable claims for relief against the named Defendants.
18 The Court has a large number of prisoner civil rights cases
19 pending before it and will screen plaintiff's complaint in
20 due course.  The Court will notify you as soon as any action
21 is taken in your case.  Due to the large number of civil
22 actions pending before the Court, the Clerk is unable to
23 respond in writing to individual inquiries regarding case
24 status.  As long as you keep the Court apprised of your
25 current address, you will receive all decisions affecting
26 the status of the case.
27      As noted, the requirements set forth in Local Rules 5-
28 130, 5-133(d)(2), and 7-135 have been modified in this

- 6 -

PDF created with pdfFactory trial version www.pdffactory.com

1  Order.  These modifications apply to civil rights and habeas
2  cases filed in the Sacramento division of the Eastern
3  District of California by prisoners proceeding pro se.
4     **IT IS SO ORDERED.**  The District Court Executive is
5  directed to enter this Order and provide a copy to
6  Plaintiff.
7     Dated June 2, 2009.
8           s/ Justin L. Quackenbush
        JUSTIN L. QUACKENBUSH
9    SENIOR UNITED STATES DISTRICT JUDGE

PDF created with pdfFactory trial version www.pdffactory.com