UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

ALVIN E. BROZEK,

    Plaintiff,

v.

ROSANNE AMPELLWORDEN, et al.,

    Defendants.

NO. CV-09-602-JLQ

**ORDER OF DISMISSAL IN PART AND REQUIRING PLAINTIFF TO AMEND OR SUBMIT DOCUMENTS FOR SERVICE**

Before the Court is *pro se* state prisoner Plaintiff Complaint, alleging various constitutional violations under 42 U.S.C. § 1983.

## I. Screening Standards

Under the Prison Litigation Reform Act of 1995, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1),(2) and 1915(e)(2); *See Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28

ORDER - 1

1  (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on
2  an indisputably meritless legal theory or where the factual contentions are clearly baseless.
3  *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however
4  inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d
5  639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

6        A complaint must contain "a short and plain statement of the claim showing that the
7  pleader is entitled to relief ...." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not
8  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
9  conclusory statements, do not suffice." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937,
10 1949, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127
11 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007)). Plaintiff must set forth "sufficient factual
12 matter, accepted as true, to 'state a claim that is plausible on its face.' " *Iqbal*, 129 S.Ct. at
13 1949 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true,
14 legal conclusion are not. *Id.* at 1949. The court must construe the pleading in the light most
15 favorable to Plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*,
16 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969). However, "a liberal interpretation
17 of a civil rights complaint may not supply essential elements of the claim that were not
18 initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997)
19 (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)). "Determining whether
20 a complaint states a plausible claim for relief will ... be a context-specific task that requires
21 the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct.
22 at 1950.

23       The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

ORDER - 2

42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: 1) that they were deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon them by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Department of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

On the basis of these standards, the court finds portions of Plaintiff's present allegations fail to state a claim upon which relief can be granted. The court finds dismissal of some claims are required. The reasons, rulings, and court's Order are set forth below.

**II.  Discussion**

**A.    Cognizable Claims**

    1.    Eighth Amendment Claims

Plaintiff claims that Defendants violated his rights under the Eighth Amendment. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (*quoting Jackson v. Bishop*, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious", *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (*quoting Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991), and (2) the subjective requirement that the prison official has a

ORDER - 3

"sufficiently culpable state of mind", *Id. (quoting Wilson*, 501 U.S. at 298). The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities". *Id. (quoting Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. *Id. (quoting Wilson*, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he/she "knows of and disregards an excessive risk to inmate health or safety". *Id*. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

The Eighth Amendment requires prison officials to provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986).

   a. Excessive Force - Defendant Rodriguez

The Eighth Amendment's Cruel and Unusual Punishments Clause prohibits "unnecessary and wanton infliction of pain" on prisoners. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). In cases involving the use of excessive force, the question is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id*. at 7. Factors in determining whether the use of force was wanton and unnecessary include "the need for an application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Id*. (*quoting Whitley v. Albers*, 475 U.S. 312, 321 (1986)).

Liberally construed, Plaintiff's Complaint asserts claims for excessive force based on an incident occurring on September 1, 2006. On that date, Plaintiff Brozek was involved in an altercation with at least two other inmates on the Administrative Segregation exercise

yard. Ct. Rec. 1 at 4, ¶ 3. Plaintiff claims that Defendant Sergeant E. Rodgriguez, a prison employee, responded to the altercation and shot Plaintiff in the face with a 40mm exact impact launcher. *Id,* ¶ 4. Defendant Rodriguez allegedly fired the round even though Plaintiff had "discontinued and was backing way from his participation" in the altercation. *Id.* Plaintiff asserts that Rodriguez "acted maliciously and sadistically for the purpose of causing [him] harm." *Id,* ¶ 5. This assertion is based, at least in part, on allegations that Defendant was motivated to harm Plaintiff because of a previous incident involving the two, occurring on July 26, 2006. *Id.* On that date, Plaintiff was involved in a protest related to prison conditions which ultimately resulted in cell-extractions of multiple inmates, including Plaintiff. *Id* at 3, ¶ 1. Plaintiff claims that in a subsequent conversation between the two, Rodriguez blamed Plaintiff for instigating the protest and made an implied threat, stating something to the effect of "I owe you one." *Id.* Plaintiff's argument, then, is that the shooting in question, was a fulfillment of that threat.

These facts, liberally construed I n favor of the Plaintiff, are sufficient to state cognizable claims against Defendant Rodriguez for violations of Plaintiff's Eighth Amendment rights.

As an additional note, the statute of limitations for a § 1983 claim is generally the applicable state law period for personal injury torts. *Owens v. Okure*, 488 U.S. 235, 240-241 (1989). In California, any action for assault must be commenced within two (2) years. CAL. CIV. PROC. CODE § 335.1 (West 2003). However, the Ninth Circuit has held that the "applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process." *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005). The alleged assault in this matter occurred on September 1, 2006. Plaintiff Brozek completed his mandatory exhaustion process on June 11, 2007 (Ct. Rec. 1 at 21-22) and filed suit in this court on March 4, 2009. Tolling the time in which Plaintiff pursued his administrative remedies, the applicable statute of limitations began to accrue on June 11, 2007 and had not

ORDER - 5

yet expired on March 4, 2009. Accordingly, Plaintiff's claim is not barred by the statute of limitations.

  b. Deliberate Indifference to Medical Needs - Defendants Hawkins, Alkintola, Galloway, Smith

Plaintiff alleges certain named Defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment rights. Where a prisoner's Eighth Amendment claim is one of inadequate medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Such a claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need ." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1991). A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.' " *McGuckin*, 974 F.2d at 1059 (*quoting Estelle*, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." *Id*. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). As one court has summarized:

> [medical] conditions ... vary in severity and ... a decision to leave a condition untreated will be constitutional or not depending on the facts of the particular case. Thus, a prisoner with a hang-nail has no constitutional right to treatment, but if prison officials deliberately ignore an infected gash, "the failure to provide appropriate treatment might well violate the Eighth Amendment."

*Harrison v. Barkley*, 219 F.3d 132, 136-137 (2d Cir. 2000) (*quoting Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks omitted)).

As a result of being struck on September 1, 2006 by a 40mm exact impact round, Plaintiff Brozek claims that he received serious injuries to his face, particularly near his left eye, and suffered extreme mental and physical pain. Ct. Rec. 1 at 4, ¶ 6. He also alleges that various Defendants were aware of his pain but refused to allow him a particular prescribed

ORDER - 6

medication that a specialist had informed him would alleviate his pain. *Id.* Defendants were also allegedly aware that the medications that were being provided to him, i.e. Motrin, Tylenol, and Naproxen, not only failed to alleviate his pain, but actually caused him more. *Id.* at 15. Plaintiff references a number of Defendants as being involved in this deprivation. These Defendants include medical staff such as, Hawkins, Alkintola, Galloway, and Smith. Liberally construing these facts in favor of the Plaintiff, his injuries were sufficiently serious to constitute the existence of a serious medical need. Although the Complaint lacks further specificity as to the details of each Defendants' responsibility, the facts provided are sufficient to meet the broad pleading standards of Fed. R. Civ. P. 8(a)(2).

Accordingly, liberally construing these facts in favor of the Plaintiff, the allegations are sufficient to state cognizable claims against Defendants Hawkins, Alkintola, Galloway, Smith for violations of Plaintiff's Eighth Amendment rights.

2. Fourteenth Amendment Claims

Plaintiff's Complaint asserts that his claims of Excessive Force / Failure to Prevent Harm were also a violation of his Fourteenth Amendment rights. "[W]here a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted). Since Plaintiff's interests in personal security and medical care in this case finds an explicit textual source of constitutional protection in the Eighth Amendment, Plaintiff's claims should go forward as Eighth Amendment claims, not Fourteenth Amendment claims.

**B.   Non-Cognizable Claims**

Plaintiff makes the following allegations which state no claim for relief:

1. False Reports - Defendants Lazano, Dion, Franks, and Rogel

ORDER - 7

1    Plaintiff sets forth generalized allegations that Defendants Lazano, Dion, Franks, and
2 Rogel falsely reported that Plaintiff had lunged forward and down, causing Defendant
3 Rodgriguez to inadvertently shoot him in the face. Ct. Rec. 1 at 10. He claims that such
4 reports were "an attempt to help [Defendant] Rodriguez escape any punishment." *Id.*
5 Plaintiff also asserts that "writing a report falsely is against the law and contrary to the oathes
6 these officers took as Correctional Officers." *Id.*  Despite these conclusory statements, a
7 "prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly
8 accused of conduct which may result in the deprivation of a protected liberty interest."
9 *Freeman v. Rideout*, 808 F.2d 949, 951 (2nd Cir. 1986). Accordingly, Plaintiff's allegations
10 present no factual basis for a constitutional claim.

11       2. Defendants Worden, Machado, Action, Now, Larson, Torrez, McKinnon, Guzaman,
12          Evans, Nelson, Schmidt, Ritina, Williams, Moreno, Tucker, Olsen, Pelkington, and
13          Odrare

14    Plaintiff names approximately 30 separate individuals as defendants in his Complaint.
15 Of these 30, Plaintiff fails to set forth any specific facts related to Defendants Worden,
16 Machado, Action, Now, Larson, Torrez, McKinnon, Guzaman, Evans, Nelson, Schmidt,
17 Ritina, Williams, Moreno, Tucker, Olsen, Pelkington, and Odrare. In fact, none of these
18 individuals are even mentioned by name, outside listing them as named Defendants.

19    Section 1983 plainly requires that there be an actual connection or link between the
20 actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See*
21 *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611
22 (1978); *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth
23 Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right,
24 within the meaning of section 1983, if he does an affirmative act, participates in another's
25 affirmative acts or omits to perform an act which he is legally required to do that causes the
26 deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.

ORDER - 8

1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights."

Plaintiff does not to link any of the above mentioned named Defendants with any affirmative act or omission that demonstrates a violation of his Constitutional rights. Accordingly, he fails to state any cognizable claims against them.

**III.   Leave to Amend or Proceed**

When deficiencies in the complaint exist, a *pro* se litigant must be given an opportunity to amend his complaint unless it is absolutely clear that the deficiencies could not be cured by amendment. *See Lopez v. Smith,* 203 F.3d 1122, 1128 (9th Cir. 2000) (en banc). Of Plaintiff's Non-Cognizable Claims (see Section II.C. above), the only claims which he might be able to be cure by amendment are his claims against Defendants Worden, Machado, Action, Now, Larson, Torrez, McKinnon, Guzaman, Evans, Nelson, Schmidt, Ritina, Williams, Moreno, Tucker, Olsen, Pelkington, and Odrare. These individuals are listed as named Defendants in the Complaint, but the court is unable to find any facts whatsoever which might set forth a cognizable claim against them.

**Accordingly, Plaintiff may elect one of two courses of action**. Plaintiff may elect to proceed forthwith pursuing *only* his cognizable claims by following the court's instructions below regarding service of Defendants Rodriguez, Hawkins, Alkintola, Galloway, and Smith. In this case, the court will reach the merits of his cognizable claims sooner. Alternatively, Plaintiff may delay serving any Defendant and attempt to cure the deficiencies outlined above in his non-cognizable claims. In the event Plaintiff chooses to file an Amended Complaint, the court will delay service of process because the Amended Complaint must also be screened pursuant to 28 U.S.C. § 1915A.

**A.     Instructions Regarding Amendment of the Complaint**

Plaintiff is not obligated to amend his complaint. However, should he choose to do so, he has until **SEPTEMBER 21, 2009** to do so. The First Amended Complaint shall:

1. be legibly rewritten or retyped in its entirety;
2. be an original and not a copy and may not incorporate any part of the original complaint by reference;
3. be a single document;
4. be clearly labeled "First Amended Complaint" and cause number CV-09-602-JLQ must be written in the caption. The First Amended Complaint will operate as a complete substitute for - rather than a supplement to - the present complaint;
5. contain a section titled: **Parties**. This section shall identify all the defendants who caused the alleged deprivation of Plaintiff's constitutional rights. Plaintiff shall not name those Defendants the court herein terminates because the alleged facts involving these Defendants do not provide a basis for viable constitutional claims: Lazano, Dion, Franks, and Rogel. If Plaintiff names individuals, he shall identity that he is suing these individuals "in their individual capacity";
6. contain a section titled: **Facts**. This section shall set forth the facts that comprise Plaintiff's cause of action, i.e., identify the event and what each individual Defendant did with specificity and the date thereof. Each factual allegation shall be set forth in separate, numbered paragraphs;
7. contain a section titled: **Claims**. This section shall set forth the claims showing that Plaintiff is entitled to relief, i.e., identify what constitutional rights Defendants allegedly violated and how;
8. contain a section titled: **Prayer for Relief**. This section shall set forth what relief Plaintiff seeks; and

      9.      include all factual allegations and claims against each of the Defendants against whom the case is going forward.  This means including those allegations and claims in the current Complaint that the court has deemed Cognizable (*see* Section II.B.) in this order.  Because the Amended Complaint will become the <u>sole complaint</u> in the action, it is the only complaint which will be served on the parties.  Failure to include these claims in it means that they will not be preserved for service on the Defendants.

Plaintiff's First Amended Complaint must also comply with both the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of California. *See King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987) (finding that *pro se* litigants must follow the same rules of procedure that govern other litigants).  As a courtesy, the Clerk's Office will send Plaintiff a copy of the Local Rules.

     By signing an Amended Complaint Plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations.  For violation of this rule the court may impose sanctions sufficient to deter repetition by Plaintiff or others. Fed.R.Civ.P. 11.

     Plaintiff is further admonished that by signing an Amended Complaint he certifies his claims are warranted by existing law, including the law that he completely exhaust administrative remedies. For violation of this rule plaintiff risks dismissal of his <u>entire</u> action.

     In the event Plaintiff fails to file an Amended Complaint as directed above by September 21, 2009, service will be made only as to the Cognizable Claims identified herein.

**B.**     **Instructions Regarding Service of the Complaint Without Amendment**

     <u>**Should Plaintiff elect not to amend the Complaint**</u>, but to proceed with service of the plausible claims alleged in his current Complaint, Plaintiff must prepare and return service documents so that the U.S. Marshals may serve the Complaint on Defendants.

     1. Service is appropriate for the following Defendants: Rodriguez, Hawkins, Alkintola, Galloway, and Smith.

ORDER - 11

2. The Clerk of Court shall immediately send Plaintiff a USM-285 form for each Defendant to be served, as well as a summons, instruction sheet, and a copy of the complaint (Ct. Rec. 1).

3. On or before **SEPTEMBER 21, 2009**, Plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the Court:

    a.    The completed Notice of Submission of Documents;

    b.    A completed summons for each Defendant listed in paragraph B.1. above;

    c.    A completed USM-285 form for each Defendant listed in paragraph B.1. above;

    d.    Copies of this order for each Defendant listed in paragraph B.1. above, and

    d.    6 copies of the Complaint (Ct. Rec. 1).

4. Plaintiff need not attempt service on Defendants and need not request waiver of service. After receiving the above-described documents, the court will issue a separate Order requiring the U.S. Marshals to serve each Defendant listed in paragraph 1.

5. The court cautions Plaintiff that failing to submit the above-described documents (and/or a First Amended Complaint) on or before **SEPTEMBER 21, 2009** will be construed as a decision by the Plaintiff to dismiss this lawsuit under Federal Rule of Civil Procedure 41.

**IV. CONCLUSION AND ORDER**

**Accordingly, IT IS HEREBY ORDERED**:

1. Claims against defendants Lazano, Dion, Franks, and Rogel are dismissed <u>without</u> leave to amend. The Clerk of the Court shall terminate these Defendants. The Plaintiff shall not name or make claims against those dismissed persons on any Amended Complaint.

2. Plaintiff's claims against Defendants Worden, Machado, Action, Now, Larson, Torrez, McKinnon, Guzaman, Evans, Nelson, Schmidt, Ritina, Williams, Moreno, Tucker,

ORDER - 12

Olsen, Pelkington, and Odrare are dismissed <u>with</u> leave to amend to attempt to state cognizable claims. The deadline for any amendment is **SEPTEMBER 21, 2009.**

    3. The claims in the Complaint are sufficient at least to state cognizable claims against Defendants Rodriguez, Hawkins, Alkintola, Galloway, and Smith. *See* 28 U.S.C. § 1915A.

    4. With this Order, the Clerk of the Court shall also provide the Plaintiff with a copy of the Local Rules, a blank complaint form, the instructions for preparing an amended complaint (if any), a blank summons, a copy of the pleading filed March 4, 2009 (Ct. Rec. 1), eleven USM-285 forms, and instructions for service of process (if any).

    5. PLAINTIFF IS CAUTIONED THAT THE COURT WILL CONSTRUE PLAINTIFF'S FAILURE TO TIMELY FILE EITHER AN AMENDED COMPLAINT OR THE SERVICE DOCUMENTS IN ACCORDANCE WITH THE INSTRUCTIONS HEREIN AS PERMISSION TO DISMISS THIS LAWSUIT UNDER FEDERAL RULE OF CIVIL PROCEDURE 41.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide a copy to Plaintiff and the U.S. Marshals Service. In addition, the District Court Clerk shall mail a courtesy copy to the warden of the Mule Creek State Prison, Michael Martel, P.O. Box 409099, Ione, CA 95640.

Dated August 3, 2009.

                      s/ Justin L. Quackenbush
                        JUSTIN L. QUACKENBUSH
           SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 13

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN E. BROZEK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROSANNE AMPELL WORDEN, et al.,<br><br>　　　　Defendants. | NO. CV-09-602-JLQ<br><br>**NOTICE OF SUBMISSION OF DOCUMENTS** |

　　Plaintiff hereby submits the following documents in compliance with the Court's "Order Requiring Plaintiff to Amend or Submit Documents for Service.":

　　　　_____ completed summons form;

　　　　_____ completed USM-285 forms;

　　　　_____ copies of the complaint (Ct. Rec. 1); and

　　　　_____ copies of the Court's "Order Requiring Plaintiff to Amend or Submit Documents for Service."

DATED: _____

　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Plaintiff